UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------x
STELLA DESANTIS,

                Plaintiff,

   -against-

ANDREW SAUL,
Commissioner of Social Security,

                Defendant.
-------------------------------------------------x

**MEMORANDUM AND ORDER**

Case No. 1: 17-cv-5378-FB

*Appearances:*
*For the Plaintiff*:
HAROLD SKOVRONSKY, ESQ.
1810 Avenue N
Brooklyn, New York 11230

*For the Defendant*:
RICHARD P. DONOGHUE, ESQ.
United States Attorney
Eastern District of New York
By: MATTHEW MAILLOUX, ESQ.
Assistant United States Attorney
271 Cadman Plaza East, 7th Floor
Brooklyn, New York 11201

**BLOCK, Senior District Judge:**

    Stella Desantis seeks review of the final decision of the Commissioner of Social Security ("Commissioner") denying her application for disability benefits. Both parties move for judgment on the pleadings. For the following reasons, Desantis's motion is granted, the Commissioner's motion is denied, and the case is remanded for further proceedings.

1

# I

In brief summation, the facts are as follows. Stella Desantis worked as a school cook for 21 years. On January 16, 2014, she injured her shoulder while at work; she has not worked since. Desantis has been diagnosed with degenerative disc disease and degenerative joint disease of the left shoulder. She filed an application for disability insurance benefits.

After injuring her shoulder, Desantis saw several doctors and physician's assistants at Healthcare Associates in Medicine. Dr. Joseph Giovinazzo, an orthopedic specialist, conducted most of her examinations and her rotator cuff repair surgery. Approximately one year after Desantis underwent rotator cuff surgery, Dr. Giovinazzo noted she had 40% functional loss of her shoulder and was unable to lift more than 10 pounds over shoulder height. Dr. John Reilly, another orthopedist at Healthcare Associates in Medicine, reported that Desantis was incapable of carrying or lifting more than 10 pounds and that she could not bend, squat, kneel, climb ladders or stairs, or stand for more than 3 hours at one time.

The Commissioner ordered two consultative examinations performed by Dr. Chitoor Govindaraj, who found Desantis was able to lift or carry 10 pounds frequently and 20 pounds occasionally, she could sit for five to six hours in an eight-hour workday and could stand up or walk for three to four hours.

The Administrative Law Judge ("ALJ"), Sheena Barr, concluded Desantis's residual functional capacity ("RFC") allowed her to perform light work, except that she was unable to climb ladders, ropes, scaffolds, and could only occasionally climb ramps or stairs, balance, stoop, crouch, crawl and kneel. After a hearing, the ALJ concluded Desantis was not disabled because she could still perform jobs that exist in significant numbers in the national economy.

## II

**A. The ALJ Failed to Develop the Record**

The ALJ has the affirmative duty to develop the administrative record. *See Perez v. Chater,* 77 F.3d 41, 47 (2d Cir. 1996). In particular, when inconsistencies or inadequate clinical findings appear in a treating physician's report, the ALJ must seek additional information. *See Clark v. Commissioner of Soc. Sec.,* 143 F.3d 115, 118 (2d Cir. 1998).

Here, the ALJ erred by failing to develop the administrative record. In deciding to give only limited weight to Dr. Giovinazzo's opinion, the ALJ noted, "Dr. Giovinazzo's only explanation was that the claimant had restrictions of no weightlifting of 10 pounds over her head and shoulder height." The ALJ assumed that because Dr. Giovinazzo noted no additional restrictions in his reports, there were none. While it is true the reports of Dr. Giovinazzo only mentioned weightlifting restrictions, he also repeatedly stated Desantis was unable to work and was

temporarily disabled. The ALJ should have requested additional information from Dr. Giovinazzo regarding his opinion that Desantis was disabled.

### B. RFC Not Supported by Substantial Evidence

To do light work, a claimant must, among other things, be able to stand or walk "for a total of approximately six hours of an eight-hour workday." *Latham v. Heckler*, 635 F. Supp. 378, 380 (E.D.N.Y. 1986).

Nothing in the record demonstrates that Desantis can walk or stand for up to 6 hours in an 8-hour workday. The evidence suggests otherwise: Dr. Govindaraj's medical statement, which the ALJ gave great weight, reports that Desantis was able to stand or walk 3 to 4 hours in an 8-hour workday, and Dr. Reilly's reports said the same. Additionally, the ALJ included the ability to crawl occasionally in the RFC determination, though the only medical evidence regarding Desantis's ability to crawl came from Dr. Govindaraj, who stated that she was unable to do so.

### C. ALJ Failed to Apply the Treating Physician Rule

Under the treating physician rule, the opinion of a claimant's treating physician is given controlling weight as to the nature and severity of the impairment if it is well supported by medical findings and is not inconsistent with other substantial evidence. *Burgess v. Astrue*, 537 F.3d 117, 128 (2d Cir. 2008). When an ALJ does not give a treating physician's opinion controlling weight, the ALJ must provide "good reasons" why. *Halloran v. Barnhart*, 362 F.3d 28, 32 (2d Cir. 2004).

4

However, an ALJ is not required to give controlling weight to a treating physician's opinion on matters reserved to the Commissioner, such as conclusions regarding a claimant's RFC or ability to work. 20 C.F.R. § 404.1527(d)(2)–(3).

Here, the ALJ gave great weight to Dr. Govindaraj's opinion and only limited weight to Dr. Giovinazzo's opinion. The ALJ emphasized that "[w]hile Dr. Giovinazzo is a treating physician and a specialist, the claimant saw various physician's assistants for the majority of her appointments. Additionally, these opinions are inconsistent with Dr. Govindaraj's normal physical exam findings." AR 25. But that is untrue: the record shows that most of Desantis's visits were with Dr. Giovinazzo. Further, while Desantis did meet with PAs on several occasions, the notes from those visits are consistent with Dr. Giovinazzo's notes.

The ALJ also overlooked pertinent facts when according great weight to Dr. Govindaraj's opinion over Dr. Giovinazzo's. First, both the record and ALJ's decision are silent as to whether Dr. Govindaraj is familiar with orthopedics, while Dr. Giovinazzo specializes in orthopedics. Second, in June 2014, Dr. Govindaraj examined Desantis for the first time and noted that "[s]he had a rotator cuff repair on the left." But Desantis would not undergo rotator cuff repair surgery until the following October. Third, Dr. Govindaraj ordered X-rays of Desantis's shoulder rather than an MRI, but X-rays would not show muscular damage like a torn rotator

5

cuff. Inconsistencies and errors such as these go against the credibility of Dr. Govindaraj's medical opinion regarding Desantis's disability.

**D. Remand**

The Court remands this case for further development of the record and reconsideration of Desantis's RFC. The ALJ should: (1) seek more information from Dr. Giovinazzo regarding his opinion that Desantis was disabled; (2) reconsider the weight given to Dr. Giovinazzo's opinion evidence and, if necessary, provide good reasons for not giving it controlling weight; (3) reconsider the weight given to Dr. Govindaraj's opinion, after considering the inconsistencies in his reports; (4) as needed, obtain additional, specific testimony and medical opinions regarding Desantis's RFC; and (5) conduct an additional hearing receiving and considering this new evidence.

## III

Desantis's motion is GRANTED, and the case is remanded for further proceedings consistent with this opinion.

**SO ORDERED.**

/S/ Frederic Block_____
FREDERIC BLOCK
Senior United States District Judge

Brooklyn, New York
August 5, 2019